## ARMSTRONG v. WILDER.
No. 62-L-238.

Circuit Court, Palm Beach County, Civil Appeal.

November 23, 1962.

Earnest, Pruitt & Schulle, West Palm Beach, for appellant.

Jones, Adams, Paine & Foster, West Palm Beach, for appellee.

JAMES R. KNOTT, Circuit Judge.

This is an appeal from the small claims court in Palm Beach County.

A motor truck owned by defendant (appellant here) ran into a house owned by plaintiff, damaging it to the extent of $457.25, resulting in a judgment in that amount rendered by the small claims court against defendant. There was no evidence offered in the trial court as to the identity of the driver at the time of the accident, although it was undisputed that the defendant owner was neither operating nor occupying the truck at such time. Defendant had authorized certain of his colored laborers, of whose identity he had no knowledge, to drive the truck to their quarters for the night and return to work in it the next morning. The accident occurred during the night, and the vehicle was found the following morning parked in front of the quarters occupied by one or more of the laborers to whom it had been entrusted. Upon these facts, the trial court found the defendant owner liable under the presumption established in §51.12, Florida Statutes, which provides as follows —

*Complaint; negligent operation of vehicle by person other than owner.*— In any action brought by a person for damages claimed to have been sustained by reason of the negligent operation of a motor vehicle by a person other than the owner thereof, with respect to the element of liability of such owner for any such negligence of such driver of said vehicle, it shall be sufficient in the complaint filed in such action to allege operation of said vehicle by the driver thereof and the name of the owner thereof, without the necessity of alleging the legal relationship existing between such owner and driver or any other averments of fact related to authority or consent of such owner with respect to the operation of said motor vehicle by the driver thereof. In any such action, should the owner of any such motor vehicle desire to urge as a defense therein a denial of liability for the alleged negligent acts of any such driver in the latter's operation of said vehicle, such defense shall be set forth in the answer, particularly alleging the facts upon which said owner relies for his denial of liability for such acts of said driver. Upon trial of any such action, the plaintiff therein, with respect to the element of liability of said owner for such acts of said driver, shall be required only to prove by competent evidence the ownership of said vehicle and the driver thereof at the time of the alleged negligent operation of the same, to establish a presumption of liability of said owner for any such negligent acts of said driver in his operation of such vehicle, said presumption being subject to rebuttal by said owner by competent evidence within the limits of the facts set forth in the answer.

The only basis for the asserted liability of the defendant under these circumstances lies in the presumption created by the statute. In order for the presumption to arise, the statute requires the complaint "to allege operation of said vehicle by the driver thereof and the name of the owner thereof," and provides that the plaintiff "shall be required only to prove by competent evidence the ownership of said vehicle *and the driver* thereof at the time of the alleged negligent operation of the same, to establish a presumption of liability of said owner . . . " (Italics added.)

The trial court in effect upheld the contention of the plaintiff that he was entitled to the benefit of a presumption of vicarious liability upon a mere showing that defendant owned the vehicle involved. This court must disagree with that finding in view of the statutory requirement to the contrary. As stated in a commentary contained in 1 University of Florida Law Review 286, *"Automobile Owner's Liability for the Negligent Act of the Driver: Pleading and Proof,"* — "The statute provides that a presumption of the owner's liability is established by the plaintiff's proof of defendant's ownership of the vehicle and of the identity of the driver."

The judgment of the small claims court is accordingly reversed and the cause remanded for further proceedings not inconsistent with the conclusions stated herein.